# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-41735
Conference Calendar

MICHAEL LYNN SMITH

Plaintiff-Appellant

v.

JAMIE BLOUNT; CHRIS BEAN; BOB DEERE

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CV-359

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Lynn Smith, Texas prisoner # 1283062, seeks leave to proceed in forma pauperis (IFP) to appeal the denial of his motion to proceed IFP in the district court based on the 28 U.S.C. § 1915(g) three strikes bar. He has moved for leave to proceed IFP on appeal under the imminent danger exception in § 1915(g). Smith argues in a conclusional fashion that he is in imminent danger. His conclusional allegations are insufficient to show that he was under imminent danger of serious physical injury at the time that he filed his complaint, notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal, or motion to proceed IFP on appeal. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). Smith's motion for appointment of counsel is denied.

In Smith v. Texas, 4:05-CV-365 (E.D. Tex. Nov. 14, 2005) (unpublished), as a result of Smith's abusive filing history, the district court imposed the § 1915(g) three strikes bar. Despite this warning, Smith persists in the prosecution of the instant frivolous appeal as well as the frivolous appeal in Smith v. Director, No. 06-41314, also decided today. Smith is ordered to pay sanctions, payable to the clerk of this court, of a total of $100 for both the instant case and Smith v. Director, No. 06-41314. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Smith unless he submits proof of satisfaction of this sanction. If Smith attempts to file any further notices of appeal or original proceedings in this court without such proof, the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged.

MOTIONS DENIED; APPEAL DISMISSED; MONETARY SANCTION IMPOSED.